T.C. Memo. 2012-307

UNITED STATES TAX COURT

RICHARD H. PHILPOTT AND ELSA L. PHILPOTT, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24815-10.                    Filed November 5, 2012.

Richard H. Philpott and Elsa L. Philpott, pro sese.

Richard J. Hassebrock, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, Judge:  Respondent determined a $355,447 deficiency in

petitioners' Federal income tax for 2000 and an $88,816.50 addition to tax under

section 6651(a)(1).  Respondent also determined a $226,585.25 fraud penalty

against Richard H. Philpott (petitioner) under section 6663.  Unless otherwise

**[\*2]** indicated, all section references are to the Internal Revenue Code for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The applicability, but not the amount, of the fraud penalty was determined against petitioner by grant of respondent's motion for partial summary judgment on the basis of petitioner's conviction under section 7201. After concessions, the issues for decision are whether petitioners are entitled to a net operating loss (NOL) carryover, whether they are liable for the section 6651(a)(1) late-filing addition to tax, and whether the fraud penalty applies to the entire redetermined deficiency. The recomputed amounts asserted by respondent are a $69,742 deficiency, a $17,390.25 late-filing addition to tax, and a $52,306.50 fraud penalty.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts have been incorporated in our findings by this reference. Petitioners resided in Ohio at the time they filed the petition.

During 2000, petitioner received business income for various insurance and financial services as well as real estate activities. Petitioners did not file a Federal income tax return for 2000 until November 1, 2006. That return was prepared by

[*3] John J. Quatman. On a Schedule C, Profit or Loss From Business, petitioner reported $26,231 in gross receipts for his insurance and financial services and deducted $67,889 in business expenses. Petitioner's gross receipts were understated by $871,999.02 and his reported deductions were overstated by $45,911 on the Schedule C. However, petitioner was entitled to $690,490 in "other deductions" in relation to the omitted gross receipts.

Petitioners' 2000 tax return did not report any income or loss from an S corporation in which petitioner had an interest. An unidentified $36,610 NOL was claimed on the return. Deductions were claimed on the insurance and financial services Schedule C for interest expenses related to a truck wash business known as Baywash. Baywash was a business owned and operated by an S corporation known as JRP & Associates (JRP) in which petitioner had a partial interest. JRP was formed about 1995, was unable to commence operations, and suffered financial defaults on financing arrangements in about 1998. JRP did not file corporate income tax returns.

On March 12, 2008, petitioner was indicted in the U.S. District Court for the Southern District of Ohio for violations of section 7201 for 2000 and 2001. On

**[*4]** August 4, 2008, petitioner entered into a plea agreement wherein he agreed to plead guilty to tax evasion for 2000. Judgment of guilt was entered on January 13, 2009.

OPINION

The petition in this case was filed November 8, 2010. By notice served November 25, 2011, the case was set for trial in Cincinnati on April 30, 2012. On January 27, 2012, respondent filed a motion for partial summary judgment seeking an adjudication that petitioner is collaterally estopped by his conviction under section 7201 from contesting his liability for a fraud penalty under section 6663. Petitioner opposed the motion, asserting that his plea was made "[u]nder duress * * * due to the extreme cost of attorney and accounting fees even though no money was believed to be owed." Respondent's motion was granted by an order stating in part:

> The law is well settled that a criminal conviction under section 7201 estops a taxpayer from denying fraudulent intent and an underpayment of tax for the same year. See, e.g., DiLeo v. Commissioner, 96 T.C. 858, 885 (1991), aff'd, 959 F.2d 16 (2d Cir. 1992); Marretta v. Commissioner, T.C. Memo. 2004-128, aff'd, 168 Fed. Appx. 528 (3d Cir. 2006).
>
> Petitioners do not deny the conviction but suggest that the guilty plea was "under duress". Petitioners' argument is not a basis for disregarding the collateral estoppel effect of a guilty plea and conviction. See, e.g., Williams v. Commissioner, T.C. Memo. 2011-

[*5] 89; Wapnick v. Commissioner, T.C. Memo. 1997-133; Lilley v. Commissioner, T.C. Memo. 1989-602; Klein v. Commissioner, T.C. Memo. 1984-392, aff'd, 880 F.2d 260 (10th Cir. 1989). Thus the Court concludes that there is no genuine issue of material fact and that the penalty issue may be decided as a matter of law under Rule 121, Tax Court Rules of Practice and Procedure.

The determination of collateral estoppel does not preclude petitioners from challenging the amount of the deficiency for 2000 or establishing that some part of the deficiency is not due to fraud. Respondent's burden of establishing applicability of the section 6663 penalty, however, is satisfied by proof of the conviction.

Before trial petitioner stipulated the unreported gross receipts and the disallowed deductions set forth in our findings. Respondent conceded the allowable "other deductions."

Shortly before trial, apparently for the first time, petitioner claimed that his income for 2000 was fully offset by an NOL carried forward in relation to JRP and the Baywash business. By letter dated April 20, 2012, Quatman sent to respondent's counsel an unsigned and unfiled Form 1120S, U.S. Income Tax Return for an S Corporation, for 1999. Quatman testified at trial that he "made a mistake" during the criminal investigation of petitioner in not computing the NOL carryforward, that the carryforward would have offset all of the unreported income, and that, as a result of Quatman's mistake, petitioner was indicted and pleaded guilty to income tax evasion.

**[\*6]** Although a few documents indicating abandonment of the Baywash activity in 1998 were stipulated, there is no evidence (1) substantiating the amount of the loss claimed, (2) indicating whether the intended activity was active or passive, (3) showing that any or all of the loss was not claimed for prior years, and (4) establishing petitioner's share of any loss or petitioner's basis in the S corporation. All of these items would have to be proven by petitioner before any offsets to the admitted unreported income could be allowed. See generally sec. 172; Lehman v. Commissioner, T.C. Memo. 2010-74; McWilliams v. Commissioner, T.C. Memo. 1995-454; sec. 1.172-1(c), Income Tax Regs.

Quatman pleaded during his testimony for more time to prepare accurate returns for JRP, acknowledging that only "cursory books" were kept. We are not persuaded that any amount of time would produce reliable and credible substantiation of losses and tracing of loss carryovers available to petitioner for 2000. Certainly there is no justification for keeping the record in this case open. A claim made so belatedly, in view of the serious consequences already endured by petitioner as a result of "mistakenly" overlooking it, is inherently untrustworthy. No allowance may be made for the alleged NOL carryforward.

**[\*7]**  Petitioners stipulated that their return for 2000 was filed in 2006, over five years after it was due.  That stipulation establishes that the section 6651(a)(1) addition to tax is appropriate and leaves to petitioners the burden of showing that the addition to tax should not apply.  See Higbee v. Commissioner, 116 T.C. 438, 447 (2001).  Petitioners have offered no excuse or cause to avoid the late-filing addition to tax.

Section 6663(b) provides:  "[i]f the Secretary establishes that any portion of an underpayment is attributable to fraud, the entire underpayment shall be treated as attributable to fraud, except with respect to any portion of the underpayment which the taxpayer establishes (by a preponderance of the evidence) is not attributable to fraud."  Petitioners were advised in the Court's order granting partial summary judgment, in respondent's pretrial memorandum, and in respondent's posttrial brief that they could argue that not all of the deficiency was due to fraud.  They failed to file the answering brief ordered by the Court and have not pointed to any part of the deficiency that arguably is not due to fraud.  In any event, the fraud penalty will be imposed only against petitioner and not against Elsa L. Philpott.  See sec. 6663(c).

**[\*8]**   For the foregoing reasons, respondent's recomputed deficiency, addition to tax, and penalty will become the decision of the Court.

<u>Decision will be entered</u>

<u>under Rule 155</u>.